Statement of Facts.

[No. 3,140.]

# THE PEOPLE OF THE STATE OF CALIFORNIA v. JOHN W. TAGGART.

TWO OFFENSES IN SAME INDICTMENT.—Burglary and breaking and entering a dwelling house, in the day-time, are intended by the law (Act of 1858 concerning crimes, and the Act of February 27th, 1864,) to be two distinct offenses, and they cannot be made to constitute one and the same offense by means of an averment in an indictment to that effect.

A DEMURRER TO AN INDICTMENT, on the ground that it charges two offenses, is permitted by Section 289 of the Criminal Practice Act.

APPEAL from the County Court of Sonoma County.

The Grand Jury found the following indictment against the defendant:

"John W. Taggart is accused by the Grand Jury of the County of Sonoma, State of California, by this indictment found the 3d day of October, A. D. 1871, of the crime of burglary, committed as follows: The said John W. Taggart, on the 13th day of July, A. D. 1871, at the county and State aforesaid, at about the hour of nine o'clock in the night-time of said day, with force and arms the house and tenement of William Withrow, then and there situate, feloniously and burglariously did break and enter with an intent then and in said house and tenement to commit petit larceny—that is to say, with intent to steal, take, and carry away one claw-hammer, worth one dollar; one spokeshave, worth seventy-five cents; one two-foot rule, worth fifty cents; and one monkey-wrench, worth one dollar, of the goods and chattels of William Withrow and John Charlton. And by way of setting out the above burglarious entrance in a different count and in a different form, the said Grand Jury further accuses the said John W. Taggart of entering said house, in the day-time, with intent to steal, committed as follows: The said John W. Taggart, in the said County of

CAL. REPS. XLIII—11

Sonoma, on the said 13th day of July, 1871, at about the hour of six o'clock P. M., and in the day-time of said day, the shop and building of William Withrow willfully and maliciously did enter, with intent to commit petit larceny therein—that is to say, with intent to steal, take, and carry away one claw-hammer, worth one dollar; one spokeshave, worth seventy-five cents; one two-foot rule, worth fifty cents; and one monkey-wrench, worth one dollar, of the goods and chattels of William Withrow and John Charlton. And the Grand Jury further say that the two foregoing counts in this indictment are descriptive of one and the same transaction, contrary to the form, force, and effect of the statute," etc.

The defendant demurred to the indictment, the demurrer was sustained, and the plaintiff appealed.

*Barclay Henley, District Attorney,* for Appellant.

While our Criminal Practice Act prescribes rules governing criminal pleading widely variant from those of the common law, yet in regard to the insertion of two counts in an indictment, the Legislature has made no change, except such as it will be seen this indictment exactly conforms to. (*The People* v. *O'Conor,* 17 Cal. 354.) The only difference in that particular between the rule under our code and the rule of the common law, is that under the former all of the counts, taken either separately or together, must appear to embrace but one transaction, and there must be an allegation to that effect (*The People* v. *O'Conor,* supra; *The People* v. *Thompson,* 28 id. 216,) in the indictment, while under the latter, the common law rule, each count must profess to charge a distinct and independent crime. (1 Bish. Crim. Pro. Secs. 181, 182, 201, 202, 208.)

*Wm. Ross,* for Respondent.

By the Court, RHODES, J.:

The first count in the indictment charges the defendant with the commission of the crime of burglary, as defined by Section 58 of the Act concerning crimes and punishments, as amended in 1858. The second count charges him with the commission of the crime of breaking and entering a dwelling house, etc., in the day-time, with the intent to steal, as defined in the Act of February 27th, 1864 (Stats. 1863–4, p. 104). Those are, and are intended by the law to be, distinct offenses, and they cannot be made to constitute one and the same offense by means of an averment in the indictment to that effect.

The defendant demurred to the indictment on the ground that it charges two offenses, and the demurrer was sustained. The defendant is permitted, by Section 289 of the Criminal Practice Act, to demur to the indictment on that ground, and there being two offenses charged, the demurrer was properly sustained.

Judgment affirmed.